IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **DAVID SINQUEFIELD**, <br><br>　　Plaintiffs, <br><br> v. <br><br> **TRANS UNION, LLC, et al.** <br><br>　　Defendants. | ) <br> ) <br> ) **Civil Action No.: 13-4200** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 24, 2014 and submit the following report of their meeting for this Court's consideration:

I.     **BRIEF SUMMARY OF THE MATTER**

**Plaintiff's Summary**

This is a consumer protection action brought by an individual consumer against the consumer reporting agencies, Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

Plaintiff alleges that Defendants Trans Union and Equifax have violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy in connection with the preparation and sale of Plaintiff's credit report. Specifically, Defendants have been including information on Plaintiff's credit reports that belongs to another individual.

With respect to damages, Plaintiff has experienced lost credit opportunities and credit denials. Plaintiff also claims non-economic damages for the resulting damage to credit

reputation, emotional distress, mental anguish and embarrassment. Plaintiff further seeks statutory damages, punitive damages as well as her attorney's fees and costs under the mandatory fee-shifting provisions of the FCRA.

**Defendant Trans Union's Summary**

Defendant Trans Union:  Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA.  As such, any damages Plaintiff may have sustained were not caused by Trans Union.

The primary legal issues with respect to Trans Union are whether, with respect to Plaintiff, it employed reasonable procedures and conducted reasonable investigation(s) of Plaintiff's dispute(s), which it maintains that it did and thus, Plaintiff's damages, if any, cannot be attributed to Trans Union.

**Defendant Equifax's Summary**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA.  Equifax denies Plaintiff's claims and denies that it violated the FCRA in handling Plaintiff's credit file.  Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff.  Equifax did not combine Plaintiff's credit file with that of another consumer.  Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in his Complaint.  Equifax denies that Plaintiff is entitled to punitive damages in this action.  Equifax denies that this is the

proper venue for this case and filed a Motion to Transfer Venue to the Northern District of Georgia, which is pending.

## II. DISCOVERY TO DATE

None.

## III. PROPOSED DISCOVERY PLAN

It is anticipated that the following discovery will be necessary prior to the filing of dispositive motions and/or the scheduling of trial: the exchange of written discovery and responses thereto and the depositions of the parties and/or party representatives. Accordingly, the parties suggest the following discovery schedule: (Note: Equifax requests that discovery be stayed pending its Motion to Transfer.)

**Discovery**:

Subjects for discovery include: liability and damages.

The parties shall serve their Fed. R. Civ. P. 26(a)(1) initial disclosures on or before January 27, 2014.

The parties shall propound their written discovery on or before February 3, 2014.

The parties shall respond to written discovery in the time provided by the Federal Rules of Civil Procedure.

Fact discovery shall be completed by May 27, 2014.

Affirmative expert reports shall be due on: June 10, 2014.

Rebuttal expert reports shall be due on July 10, 2014.

Expert discovery shall be completed on August 9, 2014.

**Discovery Limitations**:

The parties agree to abide by the Federal Rules respecting limits on discovery.

- 4 -

**Protective Orders/Confidentiality Agreements**:

The Parties foresee potentially entering into a Stipulated Protective Order to protect specific documents of Defendants, which may contain confidential, proprietary business information and/or are subject to trade secret protection.

## IV.    SETTLEMENT NEGOTIATIONS

Plaintiff is amenable to conducting a settlement conference before this Court or Magistrate Judge 1 month prior to the close of factual discovery.

Respectfully Submitted,

| | |
|---|---|
| **FRANCIS & MAILMAN, P.C**. | **SCHUCKIT & ASSOCIATES, P.C.** |
| */s/ Gregory Gorski* <br> GREGORY GORSKI <br> Land Title Building, 19th Floor <br> 100 South Broad Street <br> Philadelphia, PA 19110 <br><br> Attorneys for Plaintiff <br> David Sinquefield | */s/ Paul A. Jansen* <br> PAUL A. JANSEN <br> 4545 Northwestern Drive <br> Zionsville, IN  46077 <br><br> Attorneys for Defendant <br> Trans Union, LLC |

**CHRISTIE PABARUE AND YOUNG PC**

*/s/ Barbara S. Magers*
BARBARA S. MAGERS
1880 JFK Boulevard
10th Floor
Philadelphia, PA 19103

Attorneys for Defendant
Equifax Information Services, LLC


Dated: January 24, 2014